# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2022

Lyle W. Cayce
Clerk

No. 21-50355
Summary Calendar

Robert Grizzle,

*Plaintiff—Appellant*,

*versus*

Kevin Stipe; Billy Jackson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-183

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Robert Grizzle, Texas prisoner # 1998719, appeals the district court's dismissal of his civil rights complaint alleging that he had been deprived of his due process rights in connection with two disciplinary hearings and denial

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of his Federal Rule of Civil Procedure 56(d)[1] motion for a stay of the defendants' summary judgment motion pending further discovery. The district court concluded that Grizzle had failed to exhaust his administrative remedies against defendant-appellee Billy Jackson and that he had failed to demonstrate any due process violations as to either defendant-appellee where his disciplinary convictions were ultimately overturned during the grievance process. We review the grant of a motion for summary judgment de novo, *see Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009), and the denial of a Rule 56(d) motion to suspend summary judgment to permit additional discovery for abuse of discretion, *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366-67 (5th Cir. 2022).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." The exhaustion requirement is mandatory, and unexhausted claims may not be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The sole exception to the exhaustion requirement is that "the remedies must indeed be available to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639 (2016) (internal quotation marks and citation omitted).

With respect to the district court's grant of summary judgment on the ground that Grizzle did not exhaust his administrative remedies as to

---

[1] While Grizzle actually moved pursuant to Federal Rule of Civil Procedure 56(f), and the district court analyzed the motion under that subsection, Rule 56(f) was recodified as a different subsection, Rule 56(d), following the 2010 amendments. *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 367 n.4. Based on the content of the motion, Grizzle appeared to request relief under Rule 56(d) and we analyze the denial of such relief under that subsection.

No. 21-50355

Jackson, Grizzle contends that the grievance process was unavailable to him because he did not receive Jackson's response to his Step 1 grievance until the requisite 15-day period in which to file a grievance following the challenged incident had already passed; in other words, Grizzle suggested he was unaware that he was aggrieved at all until the period in which to file a grievance had elapsed. He further contends that this delay was deliberate and that he did file a Step 1 grievance against Jackson but that the grievance was returned to him as untimely. But there was nothing in the record other than Grizzle's own statements that he filed a grievance against Jackson, which does not suffice to create a genuine issue of material fact. *See, e.g., Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

The district court did not abuse its discretion in denying the Rule 56(d) motion to stay summary judgment pending further discovery. Liberally construing his motion, Grizzle sought a stay in order to conduct further discovery to determine if any of the exceptions to administrative exhaustion stated in *Blake* were present. But the very fact that Grizzle had success in his grievances regarding the disciplinary proceedings is a clear indication that the process is not a "dead end," "so opaque that it becomes, practically speaking, incapable of use," or a system in which "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Blake*, 578 U.S. at 643-44.

As to the district court's grant of summary judgment and dismissal of Grizzle's due process claims against Stipe (and Jackson in the alternative), state action implicates due process protection only if the action "will inevitably affect the duration of [the prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Here, as Grizzle's disciplinary convictions were overturned and his good-time credits restored as a result of the grievance process, he does not have a protected liberty interest and therefore cannot demonstrate a violation of his due process rights. *See id.*

No. 21-50355

Finally, Grizzle's motion for a stay of the case in order to permit him time to file a reply brief is GRANTED IN PART to permit filing of the out-of-time reply brief and DENIED IN PART because a stay is unnecessary.

AFFIRMED.